UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AMAH MBACHAM INNOCENT,
Petitioner,
v.
WARDEN, Imperial Regional Adult Detention Facility, et al.,
Respondents.

Case No.: 26-cv-4815-RSH-BJW

**ORDER DENYING PETITION FOR HABEAS CORPUS**

[ECF No. 2]

On May 1, 2026, petitioner Amah Mbacham Innocent, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") and a motion for a temporary restraining order. ECF Nos. 1, 2. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner has previously sought habeas relief in this District. *See Innocent v. Casey*, No. 26-cv-2700-RSH-BJW (S.D. Cal.) ("the Prior Action"). In the Prior Action, Petitioner contended that his immigration detention without a bond hearing during the pendency of his removal proceedings had become unduly prolonged in violation of the Due Process Clause. Case No. 26-cv-2700, ECF No. 1 at 7–8. Petitioner sought immediate release or, alternatively, a bond hearing at which the government would bear the burden of proving

by clear and convincing evidence that he posed a danger to the community or a risk of flight. *Id.* at 8. On June 4, 2026, the respondents in that action filed a return conceding that the Court should order the requested bond hearing. Case No. 26-cv-2700, ECF No. 10 at 1–2. The Court subsequently granted the petition and directed the government "to arrange a bond hearing for petitioner . . . before an immigration court within fourteen (14) days of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." Case No. 26-cv-2700, ECF No. 11 at 2.

On July 21, 2026, an immigration judge held the ordered bond hearing and denied bond. ECF Nos. 1 at 12; 1-8 at 6, 19. On July 24, 2026, Petitioner executed a notice of appeal of the bond determination to the Board of Immigration Appeals ("BIA"). *Id.* at 19–20. Based on the record, this appeal remains pending. ECF No. 1 at 19. Petitioner filed the instant § 2241 petition on August 24, 2026. *See* ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In the instant Petition, Petitioner contends he does not seek the relitigate the Prior Action. ECF No. 1 at 3. Petitioner also argues that he is not requesting that the Court review the immigration judge's bond determination. *Id.* at 9, 18. Instead, Petitioner frames the petition as presenting the question of whether, in light of the denial of bond and the ensuing period of detention, the post-order record now establishes an adequate constitutional basis for his release. *Id.* at 17–19.

///

///

Respondents contend that Petitioner received constitutionally adequate process through his bond hearing. ECF No. 7 at 1–2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)). Respondents further contend that any challenge to the immigration judge's bond determination is premature because Petitioner's administrative appeal remains pending before the BIA. *Id.* at 2–5.

The Court agrees with Respondents. Here, Petitioner does not dispute that he received the bond hearing ordered in the Prior Action. Rather, he contends that, on the present record, his continued detention has become unconstitutional and that he is now entitled to release. The Petition relies principally on two grounds: (1) the additional passage of time; and (2) individualized circumstances, including Petitioner's lack of criminal history, sponsor and family support, and medical condition. *See* ECF No. 1 at 17–22.

To the extent Petitioner's claim rests on duration alone, Petitioner's claim is foreclosed by the Ninth Circuit's decision in *Rodriguez Diaz*. In *Rodriguez*, petitioner similarly argued that his "liberty interest increases over time as he remains detained." 53 F.4th at 1212. The Ninth Circuit rejected his claim, holding that "duration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Id.* (internal quotation marks omitted). To the extent Petitioner asks the Court to conclude, based on his lack of criminal history, sponsor and family support, and medical condition that his continued detention is unwarranted, the Petition challenges the immigration judge's bond determination in substance, if not in form. Any such challenge is unexhausted.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the

> requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

The Ninth Circuit has applied these principles in analogous circumstances, where a noncitizen seeks habeas review of an immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Notwithstanding Petitioner's characterization, his claim appears, in substance, to be a challenge to the immigration judge's adverse bond determination. Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it.

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the amended petition is **DENIED**. In light of this disposition, the Court **DENIES** as moot Plaintiff's application for a temporary restraining order. The hearing currently scheduled for September 16, 2026 is **VACATED.** The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Hon. Robert S. Huie
United States District Judge