UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AMAH MBACHAM INNOCENT,
Petitioner,
v.
WARDEN, Imperial Regional Adult Detention Facility, et al.,
Respondents.

Case No.: 26-cv-4815-RSH-BJW

**ORDER DENYING MOTION TO ALTER JUDGMENT**

[ECF No. 11]

Before the Court is Petitioner's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 11. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

On August 24, 2026, petitioner Amah Mbacham Innocent, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") and a motion for a temporary restraining order. ECF Nos. 1, 2. On September 8, 2026, the Court denied the petition, concluding that Petitioner's claim, to the extent it was based on the duration of his detention alone, was foreclosed by Ninth Circuit authority and that any challenge to the immigration judge's bond determination remained unexhausted. ECF No. 8 at 3–5. A judgment was entered on the same day. ECF No. 9. On September 14, 2026,

Plaintiff filed the instant motion to alter judgment. ECF No. 11.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 59(e) provides that a party may file a 'motion to alter or amend a judgment' within '28 days after the entry of the judgment.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting Fed. R. Civ. P. 59(e)). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

## III. ANALYSIS

In the instant Motion, Petitioner argues that the Court committed clear error by treating his claim as either a challenge based on the duration of his detention alone or an unexhausted challenge to the immigration judge's bond determination. ECF No. 11 at 5–8. Plaintiff argues his petition instead presented a constitutional challenge based on the circumstances of his continued detention, including its duration, his medical and family circumstances, and the effectiveness of ongoing administrative review. *Id.* at 5–9, 15–16. Petitioner requests that the Court reopen this action and adjudicate his claim for immediate release or, alternatively, require a supplemental return addressing his current detention and the status of his administrative appeals. *Id.* at 14–17.

Petitioner has not met the high threshold for altering or amending the judgment here. Instead, Petitioner's motion largely reiterates his contention that his petition presented a constitutional challenge to his continued detention rather than a challenge to the immigration judge's bond determination. *Compare e.g.*, ECF No. 1 at 12 ("The present Petition starts where that order ended: the required hearing occurred, release was denied, administrative review was invoked, and detention continued to approximately 380 days.

This Petition asks whether those later events and accumulated duration now make continued physical incarceration unconstitutional.") *with* ECF No. 11 at 16 ("Petitioner asks the Court to consider the pleaded combination of extended custody, the effectiveness of ongoing review, the particular harms of waiting, and the practicability of supervision."). The Court expressly acknowledged Petitioner's contention that his continued detention had become unconstitutional in light of both the passage of time and his individualized circumstances in its September 8, 2026 order. *See* ECF No. 8 at 2–3. In that order, the Court concluded that, to the extent Petitioner's claim rested on duration alone, it was foreclosed by *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), and that, to the extent Petitioner relied on his lack of criminal history, sponsor and family support, and medical condition to establish that continued detention was unwarranted, his claim challenged the immigration judge's bond determination in substance and remained unexhausted. *Id.* at 3–4.

Petitioner's disagreement with the Court's construction of his petition does not, without more, establish clear error. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Merely reasserting arguments the Court has already considered does not warrant reconsideration in this case. *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301–02 (S.D. Cal. 2014) ("A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision."); *Norris v. Youngblood*, No. 1:21-CV-0904 JLT HBK, 2023 WL 4565062, at *2 (E.D. Cal. July 17, 2023) ("[M]ere disagreement with a Court's ruling is insufficient to warrant reconsideration."); *Kraft v. Tulare Cnty.*, No. 121CV00768JLTSKO, 2023 WL 2918658, at *2 (E.D. Cal. Apr. 12, 2023) (denying motion for reconsideration where "Plaintiff merely disputes the findings of the Court and presents the same arguments he offered earlier and which the Court rejected").

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Hon. Robert S. Huie
United States District Judge